IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| DEXTER DIXON, DEMEQUEA D. MAPLES and KEVIN L. MCNEAL, on behalf of themselves and all others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 4:05-CV-234 D-B |
| HIBBETT SPORTING GOODS, INC. | ) ) ) | |
| Defendant. | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND CERTIFICATION OF COLLECTIVE ACTION**

All parties, by and through counsel, move the court for approval of the settlement reached by the parties in the above-referenced matter and certification of a collective action for settlement purposes only and, in support thereof, state as follows:

1. Plaintiffs, Dexter Dixon and Demequea D. Maples ("Named Plaintiffs"), brought this lawsuit against Defendant, Hibbett Sporting Goods, Inc. ("Hibbett") alleging claims under the Fair Labor Standards Act ("FLSA"), as well as negligence and conversion claims under Mississippi common law. Named Plaintiffs sought a collective action pursuant to § 216(b) of the FLSA.

2. On February 23, 2007, the parties reached a settlement of the lawsuit, the terms of which are set forth in the Stipulation of Collective Action Settlement and Release ("Stipulation") (Exh. A, Stipulation).[1]

---

[1] Filed under Seal.

3. Pursuant to decisions of the United States Supreme Court and Fifth Circuit, the only manner by which the parties may effectively compromise and settle a claim under the FLSA, other than through a Department of Labor supervised settlement, is for the court to approve the settlement after having scrutinized it to determine that it involves the resolution of a bona fide dispute and is fair and reasonable. *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 at * 15 (E.D. La. 2004). See also, *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Thomas v. State of Louisiana*, 534 F.2d 613, 614 (5th Cir. 1976); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

4. Although there is a bona fide dispute as to liability and the amount of damages, if any, that would be due Plaintiffs, the parties wish to effectuate a full settlement of all claims and demands of every kind and character whatsoever that Named and Opt In Plaintiffs have or may claim to have against Defendant arising out of or in any way connected with the FLSA and other claims asserted in this proceeding, from the time of their initial employment with Defendant up to the date of the order of dismissal. Such settlement does not constitute an admission of liability on the part of Defendant.

5. The parties request that the court review the Stipulation for fairness and equity and enter an order approving the settlement, certifying a collective action for settlement purposes as set forth in the Stipulation and directing Defendant to pay and Plaintiff and Opt In Plaintiffs to accept all sums and conditions of settlement set forth in the Stipulation in full settlement of all claims.

6. In further support of this Motion, the parties rely on the Memorandum filed contemporaneously herewith.

Respectfully submitted this the 7th day of May 2007.

/s/ David A. Prather
Herbert E. Gerson (TN Bar# 8256))
David A. Prather (MS# 99389)
FORD & HARRISON LLP
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501

COUNSEL FOR DEFENDANT


/s/ Louis H. Watson, Jr.
Louis H. Watson, Jr., Esq.
520 East Capitol Street
Jackson, MS 39201


/s/ John L. Davidson
John L. Davidson, Esq.
P. O. Box 321405
Jackson, MS 39232-1405

COUNSEL FOR PLAINTIFFS